UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANNI MONTES,<br><br>    Plaintiff,<br><br>    v.<br><br>MILLER,<br><br>    Defendant. | Case No. 22-cv-07229-JST<br><br>**ORDER OF SERVICE** |

Plaintiff has filed a *pro se* action pursuant to 42 U.S.C. § 1983. Now before the Court for review under 28 U.S.C. § 1915A is Plaintiff's complaint. ECF No. 1. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

1   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,
2   the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).
3   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a
4   cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*
5   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a
6   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged
7   violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487
8   U.S. 42, 48 (1988).

**B.     Complaint**

According to the complaint, on July 30, 2022, Plaintiff suffered a seizure as he was being booked into Sonoma County Jail.  During his seizure, he was physically and verbally abused by Sonoma County Jail Sergeant Miller, who threw Plaintiff to the ground.  While Plaintiff was in the prone position on the floor, Sergeant Miller hit Plaintiff in the head with his hands.  Plaintiff was also placed in a filthy holding cell that had urine on the floor.  These actions cased Plaintiff pain in his back, head and neck.  Liberally construed, the complaint's claims that Sgt. Miller threw Plaintiff to the ground as he was suffering a seizure, and hit Plaintiff in the head while Plaintiff was in a prone position state a cognizable Fourteenth Amendment claim for use of excessive force. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16, 536-37 (1979) (when pretrial detainee challenges conditions of confinement, proper inquiry is whether conditions amount to punishment in violation of Due Process Clause of Fourteenth Amendment) (state may detain pretrial detainee "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution.").

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1.     Liberally construed, the complaint states a cognizable Fourteenth Amendment claim against defendant Sonoma County Jail sergeant Miller.  The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (ECF

2

1  No. 1), with all attachments thereto, and a copy of this order upon **defendant Sonoma County**

2  **Jail sergeant Miller at Sonoma County Jail, 2777 Ventura Ave, Santa Rosa CA 95403.**  A

3  courtesy copy of the complaint with attachments and this order shall also be mailed to the Sonoma

4  County Counsel, at 575 Administrative Drive, Room 105, Santa Rosa, CA 95403.

     2.     In order to expedite the resolution of this case, the Court orders as follows:

         a.     No later than 91 days from the date this order is filed, Defendant must file and serve a motion for summary judgment or other dispositive motion.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due.  A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

         b.     Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

         c.     Defendant shall file a reply brief no later than 14 days after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

     3.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about

---

[1] If Defendant asserts that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does not excuse defendant's obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

    4.    All communications by Plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant, but once Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to Defendant.

    5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    6.    Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

    7.    Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: January 27, 2023



_____
JON S. TIGAR
United States District Judge