UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANNI MONTES,<br><br>        Plaintiff,<br><br>   v.<br><br>MILLER,<br><br>        Defendant. | Case No. 22-cv-07229-JST<br><br>**ORDER GRANTING REQUEST TO REOPEN; SETTING BRIEFING SCHEDULE**<br><br>Re: ECF No. 31 |

Plaintiff filed this *pro se* 42 U.S.C. § 1983 civil rights action on or about November 17, 2022, and it has been closed twice for failure to provide the Court with a current mailing address. ECF Nos. 1, 16, 28. Plaintiff has filed a motion to reopen this action. ECF No. 31. For the reasons set forth below, the Court GRANTS the motion to reopen, ECF No. 31; directs the Clerk to VACATE the Order of Dismissal and related judgement at ECF Nos. 28, 29, and REOPEN this case; and SETS a briefing schedule for dispositive motions.

**DISCUSSION**

Plaintiff filed this *pro se* 42 U.S.C. § 1983 civil rights action on or about November 17, 2022. ECF No. 1. On May 2, 2023, the Court dismissed this action without prejudice pursuant to N.D. Cal. L.R. 3-11, because court mail addressed to Plaintiff had been returned to the Court as undeliverable and the Court did not receive any written communication from Plaintiff indicating a current address within 60 days of the court mail being returned. ECF No. 15.

On August 9, 2023, Plaintiff filed a motion to reopen the action. ECF No. 20. On March 15, 2024, the Court reopened this action. ECF No. 21. On March 28, 2024, the Court's March 15, 2024 Order addressed to Plaintiff was returned as undeliverable. ECF No. 25. On June 12, 2024,

the Court dismissed this action without prejudice for failure to provide the Court with a current address pursuant to N.D. Cal. L.R. 3-11. ECF No. 28.

On or about November 29, 2024, the Court received a letter from Plaintiff stating that he wanted to continue with his case; that he was now housed at Kings County Jail and had been housed there for the last five to seven months; and that Sonoma County Jail had been throwing away his mail. ECF No. 31. The Court construes this letter as a request to reopen this action.

Good cause being shown, the Court GRANTS the motion to reopen, ECF No. 31; directs the Clerk to VACATE the Order of Dismissal and related judgement at ECF Nos. 28, 29, and REOPEN this case; and SETS a briefing schedule for dispositive motions.

The Court cautions Plaintiff that it is his responsibility to promptly keep the Court informed of any change of address. Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility. Failure to do so may result in the dismissal of this action pursuant to N.D. Cal. L.R. 3-11 or for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Any future dismissals of this action for failure to provide a current address will be with prejudice, as this case has already been dismissed twice on this ground.

## CONCLUSION

1. The Court GRANTS the motion to reopen, ECF No. 31; and directs the Clerk to VACATE the Order of Dismissal and related judgement at ECF Nos. 28, 29, and REOPEN this case.

2. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than 91 days from the date this order is filed, Defendant must file and serve a motion for summary judgment or other dispositive motion. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.

1  2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be

2  served concurrently with motion for summary judgment).[1]

3          b.       Plaintiff's opposition to the summary judgment or other dispositive motion

4  must be filed with the Court and served upon Defendant no later than 28 days from the date the

5  motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment

6  provided later in this order as he prepares his opposition to any motion for summary judgment.

7          c.       Defendant shall file a reply brief no later than 14 days after the date the

8  opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No

9  hearing will be held on the motion.

10     3.       Plaintiff is advised that a motion for summary judgment under Rule 56 of the

11  Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must

12  do in order to oppose a motion for summary judgment.  Generally, summary judgment must be

13  granted when there is no genuine issue of material fact – that is, if there is no real dispute about

14  any fact that would affect the result of your case, the party who asked for summary judgment is

15  entitled to judgment as a matter of law, which will end your case.  When a party you are suing

16  makes a motion for summary judgment that is properly supported by declarations (or other sworn

17  testimony), you cannot simply rely on what your complaint says.  Instead, you must set out

18  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

19  as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and

20  documents and show that there is a genuine issue of material fact for trial.  If you do not submit

21  your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

22  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v.*

23  *Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).  (The *Rand* notice above does

---

[1] If Defendant asserts that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

1   not excuse defendant's obligation to serve said notice again concurrently with a motion for
2   summary judgment. *Woods*, 684 F.3d at 939).

3       4.    All communications by Plaintiff with the Court must be served on Defendant's
4   counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard
5   any document which a party files but fails to send a copy of to his opponent. Until Defendant's
6   counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant,
7   but once Defendant is represented by counsel, all documents must be mailed to counsel rather than
8   directly to Defendant.

9       5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
10  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required
11  before the parties may conduct discovery.

12      6.    Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the
13  Court informed of any change of address and must comply with the Court's orders in a timely
14  fashion. Plaintiff must file a notice of change of address in every pending case every time he is
15  moved to a new facility. Failure to do so may result in the dismissal of this action pursuant to
16  N.D. Cal. L.R. 3-11 or for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Any future
17  dismissals of this action for failure to provide a current address will be with prejudice, as this case
18  has already been dismissed twice on this ground.

19      7.    Any motion for an extension of time must be filed no later than the deadline sought
20  to be extended and must be accompanied by a showing of good cause.

21      8.    Plaintiff is cautioned that he must include the case name and case number for this
22  case on any document he submits to the Court for consideration in this case.

23  This order terminates ECF No. 31.

24  **IT IS SO ORDERED.**

25  Dated: December 30, 2024

                                JON S. TIGAR
                              United States District Judge